Ted **KINSEY** and **Kathryn Kinsey**

v.

**FARMLAND INDUSTRIES, INC.**

Civ. A. No. 92–1279.

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 19, 1994.

Thomas M. Bergstedt and Thomas J. Gayle, Bergstedt & Mount, Lake Charles, LA, for Ted and Kathryn Kinsey.

Henry B. Bruser, III, Gold Weems Bruser Sues & Rundell, Alexandria, LA, for Farmland Industries, Inc.

Jon D. Picou and Richard E. Jussaume, Jr., Leininger Larzelere & Picou, Metairie, LA, for Bayou Sale Contractors, Inc.

David H. Stiel, III, Aycock Horne & Coleman, Franklin, LA, for David H. Stiel, Jr. dba David H. Stiel Jr. Agency.

Russell L. Potter and Randall B. Keiser, Stafford Stewart & Potter, Alexandria, LA, for Travelers Ins. Co.

### RULING

LITTLE, District Judge.

Ted Kinsey filed this tort action against Farmland Industries, Inc. ("Farmland") seeking damages for injuries he maintained while employed by Bayou Sale Contractors, Inc. ("Bayou") at Farmland's Pollock, Louisiana plant. In response to Farmland's motion for summary judgment, this court ruled that Farmland was Kinsey's "statutory employer" and thus dismissed Kinsey's action. Farmland now seeks summary judgment on its claim for indemnity from Bayou for the attorneys' fees it incurred in defending and disposing of Kinsey's claims. For the reasons that follow, the court denies Farmland's motion.

### I.

In February 1988, Bayou orally agreed to perform construction work at Farmland's Pollock plant ("the Pollock plant"). Bayou entered into a contemporaneous written agreement that was applicable to "any contract construction or maintenance work being done in [Farmland's] plant as designated by [Farmland's] employees." Clause one of the agreement provided, in pertinent part:

In the event you or any of your employees ... suffer injury or death, or [property damage] ... on or about our premises while so engaged or present on our premises in connection therewith, you agree to indemnify and hold harmless Farmland Industries, Inc., its officers, agents, and employees, and any other corporation on its behalf, liable from any loss, cost, or damage, *including reasonable attorneys' fees incurred on account of such injury,* death or property damage, whether or not such casualty results from or is contributed to

by negligence of Farmland Industries, Inc., or its employees.

Farmland's Answer & Third Party Demand exh. A (emphasis added) ("*Indemnification Agreement* ").

Upon completion of the February 1988 project, Bayou and Farmland had no further dealings until June 1991, when Bayou was the successful bidder for the construction of a flaring system at the Pollock plant. While negotiating the precise terms of Bayou's performance of the latter project, Farmland's and Bayou's representatives noted that Farmland had certificates of insurance on file from Bayou, "because [Bayou] had worked for [Farmland] before." *See* Deposition of Charlie Heard at 35. Farmland's representative stated at deposition, however, that she was then unaware of the February 1988 indemnification agreement. *See* Deposition of Penny Zell at 25.

Bayou's successful bid was set forth in a one page writing that contained the following language:

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements are contingent upon strikes, accidents or delays beyond our control. Our workers are fully covered by Liability and Workmen's Compensation Insurance.

Deposition of Randy Battaglio exh. 2.

During Bayou's construction of the flaring system, one of its employees, Ted Kinsey, was injured and brought this action for damages against Farmland. As previously stated, the court granted Farmland's motion for summary judgment on Kinsey's claims, concluding that Farmland was Kinsey's "statutory employer." Based upon the indemnification provision of the February 1988 written agreement,[1] Farmland now claims that Bayou must indemnify it for the attorneys' fees it incurred in defending Bayou's employee's

tort suit. Bayou contends that it is not so obligated, arguing that its successful bid sets forth the sole terms of the parties' June 1991 contract.

## II.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Louisiana substantive law guides the court's interpretation of the contract at issue. *See Old Republic Ins. Co. v. Comprehensive Health Care Assocs.*, 2 F.3d 105, 107 (5th Cir.1993). Under Louisiana law, a contract "constitutes the law between the parties" and must be enforced as written so long as its terms are clear and do not lead to absurd consequences. La.Civ.Code Ann. art. 2046 (West 1987); *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 626 (5th Cir.1993).

The indemnification provision of the February 1988 written agreement is clear and unambiguous: Bayou must indemnify Farmland for "any loss, cost, or damage, including reasonable attorneys' fees incurred on account of [ ] injury suffered [by a Bayou employee on Farmland's premises], whether or not such casualty results from or is contributed to by [Farmland]." This indemnification provision applies to "any contract construction or maintenance work being done in [Farmland's] plant as designated by [Farmland's] employees." *Indemnification Agreement.*

Although Farmland argues that the latter clause renders the indemnification provision applicable to "*all* work between Farmland and Bayou [ ], regardless of the time of performance," Farmland bases this argument upon a misreading of the clause at issue. *See* Farmland's Reply Memorandum at 2. The clause at issue states that the indemnification provision applies to "any contract construction or maintenance work *being done* "; it does not state, as Farmland claims in its

---

1. Although Farmland's counsel designated the February 1988 written agreement a "master service agreement," it was not so designated by the parties at the time the agreement was signed.

reply memorandum, that the indemnification provision applies to "*any contract, construction,* or maintenance work." *See id.* As Farmland is undoubtedly aware, the distinction is significant.

In the clause at issue, the gerundial "being done" imposes a sense of present activity upon the nouns "construction" and "maintenance work." *See* Webster's New World Dictionary at 135 (1960) ("being" defined as "at hand" or "immediate"). This evidences the parties' intention that the indemnification provision apply only to the "contract construction or maintenance work" being performed at the time the provision was executed, i.e. in February 1988. The absence of commas between "contract" and "construction" and "maintenance work," moreover, evidences the parties' intention that "contract" serve as an adjective, modifying "construction" and "maintenance work" and not, as Farmland suggests, a noun with independent significance. Thus, it is clear that the indemnification provision was not meant to apply to "*any contract, construction,* or maintenance work," but rather to "any contract construction or maintenance work being done" in February 1988. Farmland's argument to the contrary is without merit.

## III.

Accordingly, the court denies Farmland's motion for summary judgment and determines as a matter of law that indemnity is not applicable to the cost of defense incurred by Farmland. *See* Fed.R.Civ.P. 54(c). An appropriate judgment will issue.